UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DANNY D. BISSONETTE,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY, Warden;<br>DAVID GILBERTSON, Chief Justice South Dakota Supreme Court; and CRAIG PFEIFLE, Circuit Court Judge-Seventh Circuit,<br><br>    Respondents. | 5:16-CV-05120-JLV<br><br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on Danny D. Bissonette's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Bissonette is currently incarcerated at the Mike Durfee State Prison in Springfield, South Dakota. Pending is a motion to dismiss by all respondents. See Docket No. 10. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, Chief United States District Judge.

## FACTS

Mr. Bissonette pleaded guilty to one count of aggregated grand theft by receiving stolen property (felony). Mr. Bissonette was sentenced on December 20, 2010, to 8 years' imprisonment (judgment filed December 28, 2010). He did not file a direct appeal. Mr. Bissonette filed numerous documents with the

state court, including more than one state habeas petition.  The earliest of these various filings was a motion for sentence reduction on February 24, 2015.  Mr. Bissonette filed at least two state habeas petitions later in 2015, which were denied by the state circuit court judge as time-barred. Mr. Bissonette also filed two separate petitions for writ of mandamus with the South Dakota Supreme Court.  The last action noted in the state court records was an order of the South Dakota Supreme Court dated December 5, 2016, denying Mr. Bissonette's second writ of mandamus and ordering Mr. Bissonette to "cease his submission of meritless and frivolous documents."

Mr. Bissonette filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 30, 2016.  This court issued an order directing both parties to file pleadings addressing whether Mr. Bissonette's federal petition was timely.  See Docket No. 5.  Mr. Bissonette filed a response.  See Docket 6.  Respondents now move the court to dismiss Mr. Bissonette's federal petition on the grounds that it is untimely.  See Docket Nos. 10 & 11. Mr. Bissonette opposes the motion.  See Docket 12.

## DISCUSSION

**A.     AEDPA Statute of Limitations**

Section 2244, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), contains a one-year statute of limitations providing in relevant part as follows:

> **(d)**    **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment of state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme

Court is ninety days.  See Sup. Ct. R. 13.1; Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to tolling.  See 28 U.S.C. § 2244(d)(2).  This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).

The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction."  Duncan v. Walker, 533 U.S. 167, 177 (2001).  Thus, § 2244's tolling provision "applies to all types of state collateral review available after a conviction."  Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it."  Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not "pending" for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court."  Jihad, 267 F.3d at 805.  Additionally,

"[s]tate proceedings are not *pending* during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)) (emphasis added).  In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final.  Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).  However, the AEDPA statute of limitations is *not* tolled during the time a federal habeas petition is pending.  Duncan, 533 U.S. at 177-80.

**B.     Application of the Limitations Period to Mr. Bissonette's Facts**

Mr. Bissonette was sentenced on December 20, 2010.  The judgment was filed on December 28, 2010.  His last day for filing a direct appeal was January 28, 2011.  Mr. Bissonette had one year from that date – until January 28, 2012, to file for habeas relief under § 2254.  His first post-conviction filings were in 2015.  Therefore, his petition is clearly time-barred.

The one-year AEDPA statute of limitations is not a jurisdictional bar, however.  Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003).  The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time.  Id.  A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Mr. Bissonette does not allege that the state, or any other external factor beyond his control, operated to prevent him from filing his federal or state habeas petition sooner. Mr. Bissonette resists respondents' motion to dismiss by arguing that he filed his petition pursuant to 28 U.S.C. § 2241, not § 2254. Therefore, he argues, the one-year statute of limitations applicable to § 2254 actions does not bar his petition (i.e. because his petition is a § 2241 petition).

Mr. Bissonette is correct that the one-year statute of limitations applicable to § 2254 petitions does ***not*** apply to § 2241 petitions. Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007). However, in the Eighth Circuit, relief under 28 U.S.C. § 2241 is only available to prisoners in *federal* custody. The Eighth Circuit holds categorically that the exclusive vehicle for habeas relief for prisoners in the custody of a *state* is § 2254. See Singleton v. Norris, 319 F.3d 1018, 1022-23 (8th Cir. 2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). "A person in custody pursuant to the judgment of a State court" can only obtain habeas relief through § 2254, no matter how his pleadings are styled. Crouch, 251 F.3d at 723.

Subsection (c)(3) of 2241 states: "The writ of habeas corpus shall not extend to a prisoner unless—(3) he is in custody in violation of the Constitution or laws or treaties of the United States;" This would seem to plainly apply to state as well as federal prisoners.

In Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004), a state prisoner filed a § 2241 habeas petition in federal court attacking the Florida Parole Commission's decision concerning his parole eligibility. Thomas, 371

F.3d at 784.  The magistrate judge to whom the matter was referred, similar to Eighth Circuit precedent, considered the petition to be a § 2254 petition because the petitioner was in state custody rather than federal.  Id.  The magistrate judge then recommended dismissal of the petition because the claims had not been exhausted in state court and because some claims were procedurally defaulted.  Id.  The district court adopted that recommendation.  Id.  The Eleventh Circuit held that the petition was governed by *both* § 2241 and § 2254.  Id.

> The Eleventh Circuit explained:
>
> A state prisoner seeking post-conviction relief from a federal court has but one remedy:  an application for a writ of habeas corpus.  All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners.  Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254.  That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254.  If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g. a pre-trial bond order, then his petition is not subject to § 2254.

Id. at 787.

The Eleventh Circuit held this interpretation of both § 2241 and § 2254 was necessary in order to give full effect to *all* the language of § 2241(c)(3), mentioned above, which does not distinguish between state and federal custody in describing the writ available.  Id. at 785-87.  Also, an interpretation which held § 2241 to be a completely separate alternative to § 2254 would render § 2254 a nullity:  if a state prisoner had the option of (A) filing a § 2241 petition subject to no restrictions or conditions precedent, or (B) filing pursuant

7

to § 2254 with all its attendant restrictions and conditions, no state prisoner would ever choose to file under § 2254.  Id.  That, also, could not have been Congress' intent in enacting § 2241.  Id.  See also In re Wright, 826 F.3d 774, 781 (4th Cir. 2016) (following Thomas and stating if a state prisoner could opt out of the operation of § 2254 by merely relabeling his petition, § 2254 would be a "dead letter").

A state prisoner cannot escape the restrictions of § 2254 by filing a habeas petition under § 2241, but he *can* file a petition under § 2241.  However, that petition will still be subject to all the same rules as to exhaustion, statute of limitations, and standard of review that apply under § 2254.  Therefore, whether the court considers Mr. Bissonette's petition as one filed under § 2241 or § 2254, it is time-barred either way.  Accordingly, this court respectfully recommends that the district court dismiss Mr. Bissonette's § 2254 petition as untimely.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that respondents' motion to dismiss [Docket No. 10] be granted and that Mr. Bissonette's petition for habeas corpus [Docket No. 1] be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)(B), unless an extension of time for good cause is obtained.  Failure to file timely

8

objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black</u>, 781 F.2d 665 (8th Cir. 1986).

DATED March 13, 2017.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge