UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DANNY D. BISSONETTE,<br><br>           Petitioner,<br><br>   vs.<br><br>ROBERT DOOLEY, WARDEN; DAVID GILBERTSON, CHIEF JUSTICE SOUTH DAKOTA SUPREME COURT; AND CRAIG A. PFEIFLE, CIR. COURT JUDGE-SEVENTH CIR.;<br><br>           Respondents. | CIV. 16-5120-JLV<br><br>ORDER |

## INTRODUCTION

Petitioner Danny D. Bissonette, appearing *pro se*, filed a petition for a writ of habeas corpus. (Docket 1). Petitioner is incarcerated at the Mike Durfee State Prison in Springfield, South Dakota, pursuant to a 2010 South Dakota state court judgment. (Docket 14 at p. 1). Respondents filed a motion to dismiss Mr. Bissonette's petition for failure to abide by the statute of limitations. (Docket 10).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order, the petition was referred to United States Magistrate Judge Veronica L. Duffy. Magistrate Judge Duffy filed a report and recommendation concluding the court should grant respondents' motion and dismiss Mr. Bissonette's petition because it is not timely. (Docket 10 at p. 8). Mr.

Bissonette filed timely objections to Magistrate Judge Duffy's report and recommendation. (Docket 15).

## ANALYSIS

The court reviews de novo those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Mr. Bissonette's objections are overruled and the report and recommendation is adopted in full.

Mr. Bissonette sets forth several objections to the magistrate judge's report and recommendation. (Docket 15). His core objection is that the magistrate judge erred in construing his petition for a writ of habeas corpus as a petition brought under 28 U.S.C. § 2254. Id. The decision to construe the petition that way formed the basis for the recommendation to dismiss Mr. Bissonette's petition. (Docket 14 at pp. 6-8). The court must address this threshold issue at the outset.

Mr. Bissonette's petition states it was filed pursuant to 28 U.S.C. § 2241. (Docket 1 at p. 1). In his petition, Mr. Bissonette asserts he is a state prisoner. Id. He explains he pled guilty to aggregated grand theft by receiving stolen property and a state circuit court sentenced him to eight years in prison. Id.

"Section 2241 bestows upon district courts the power to grant habeas corpus relief to a 'prisoner' who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" In re Wright, 826 F.3d 774, 778 (4th

Cir. 2016) (quoting 28 U.S.C. § 2241(a), (c)(3)). "Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies—it applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States.' " Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(a)) (emphasis in original). "The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 requires a state prisoner seeking federal habeas corpus relief to file a petition for federal habeas relief within one year after a state conviction becomes final." Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006) (citing 28 U.S.C. § 2244(d)(1)(A)). If a prisoner properly seeks habeas corpus relief under § 2241, there is no statute of limitations applicable to the petition. See Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); see also Mathena v. United States, 577 F.3d 943, 945 (8th Cir. 2009) (recognizing Morales' holding but not deciding the issue).

In a United States District Court, state prisoners "can only obtain habeas relief through § 2254, no matter how [their] pleadings are styled . . . ." Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001); see Abordo v. O'Dell, 23 Fed. Appx. 615, at *1 (8th Cir. Dec. 4, 2001) ("Although Mr. Abordo labeled his suit as one brought under section 2241, the only vehicle for his attack on his confinement is 28 U.S.C. § 2254, because he is in custody pursuant to a state court judgment."). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of

3

§ 2254 apply to a state habeas petitioner—*i.e.*, if he is 'in custody pursuant to the judgment of a State court"—then we must apply its requirements to him." Thomas, 371 F.3d at 787.

Because Mr. Bissonette is a state prisoner, the only path for the habeas corpus relief he seeks is § 2254. See Crouch, 251 F.3d at 722-23. The court finds it must apply the procedural requirements for § 2254 petitions to Mr. Bissonette. See id.; Thomas, 371 F.3d at 787.

One procedural aspect of a § 2254 petition is it must be filed within the one-year statute of limitations. See Faulks, 459 F.3d at 873 (citing 28 U.S.C. § 2244(d)(1)(A)). "A petitioner has one year from the time a state court judgment becomes final to apply for a federal writ of habeas corpus." Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(A)). The state court judgment is final at "either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998). "Under 28 U.S.C. § 2244(d)(2), [the one-year statutory] period does not include the time during which a properly filed application for state collateral review is 'pending' in the state courts." Faulks, 459 F.3d at 873.

4

The record is clear that Mr. Bissonette did not file anything related to challenging his state court conviction until 2015. (Docket 14 at p. 5). His deadline for direct appeal of the state court judgment was January 28, 2011. Id. One year from that day, January 28, 2012, was the last day to file a petition in this court for habeas corpus relief. Id. Because Mr. Bissonette did not submit any post-conviction filings until more than one year after his state court judgment became final, his § 2254 petition is not timely. See Curtiss, 338 F.3d at 853 (citing 28 U.S.C. § 2244(d)(1)(A)).

"The one-year time limit in § 2244(d)(1) is a statute of limitations and not a jurisdictional bar[, so it] may be equitably tolled." Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). "Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way." White v. Dingle, 616 F.3d 844, 848 (8th Cir. 2010) (citing Holland v. Florida, 560 U.S. 631 (2010)). "Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an 'awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" Id. at 847-48 (quoting Holland, 560 U.S. at 632).

"A petitioner acts with diligence when, for example, he writes letters to his attorney asking her to file a habeas petition, contacts the court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day that he learns it is late.

5

In contrast, a petitioner does not act diligently when he simply assumes that his attorney is working on his case even though she does not respond to his communication and hangs up on him when he calls." Williams v. Kelley, 830 F.3d 770, 773 (8th Cir. 2016) (internal citations omitted). Mr. Bissonette wrote to his attorney requesting she file an appeal. (Docket 1-3). This alone is insufficient to meet the equitable tolling requirement of diligently pursuing rights. See Williams, 830 F.3d at 773. Mr. Bissonette's conduct is closer to what Williams describes as "not act[ing] diligently . . . ." Id.

Even if Mr. Bissonette did show diligence, no "extraordinary circumstance stood in his way." White, 616 F.3d at 848. "The extraordinary circumstance that prevents a petitioner from timely filing his federal application must be external to the petitioner and not attributable to his actions." Johnson v. Hobbs, 678 F.3d 607, 611 (8th Cir. 2012). The only facts going to this issue are that Mr. Bissonette asked his attorney to appeal his conviction and the attorney did not file an appeal. (Dockets 1 at p. 3 & 1-3). "An attorney's negligence or mistake is not generally an extraordinary circumstance, however serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling." Muhammad v. United States, 735 F.3d 812, 816 (8th Cir. 2013) (internal quotation marks omitted).

In Sosa-Jimenez v. United States, the petitioner's "counsel told him, at the time of his sentencing, that he would file his notice of appeal[,]" and he "wrote his attorney 'many times' about the status of his appeal but 'never heard anything.'" Sosa-Jimenez v. United States, No. C11-4032, 2014 WL 559022,

6

at *7 (N.D. Iowa Feb. 11, 2014). The United States District Court for the Northern District of Iowa determined those facts "d[id] not come close to alleging the type of egregious attorney misconduct identified in *Muhamm[a]d, Holland,* or *Martin* . . . ." Id. (citing Holland, 560 U.S. at 653; Muhammad, 735 F.3d at 816; United States v. Martin, 408 F.3d 1089, 1094 (8th Cir. 2005)). The Sosa-Jimenez court based its finding on the absence of any "allegation of deceit, misrepresentation, or other serious misconduct on the part of [the] attorney . . . ." Id. In this case, the facts supporting an extraordinary circumstance fall short of the facts in Sosa-Jimenez. All Mr. Bissonette claims is he asked his attorney to appeal and the attorney did not do so—he does not allege additional requests he made of his attorney or any deception on the part of his lawyer. (Dockets 1 & 1-3). Just as the attorney conduct in Sosa-Jimenez did not constitute an extraordinary circumstance, Mr. Bissonette fails to meet this legal standard necessary for equitable tolling. See Muhammad, 735 F.3d at 816; Sosa-Jimenez, 2014 WL 559022, at *7.

Because equitable tolling does not apply in Mr. Bissonette's case and he filed his petition for habeas corpus relief after the statute of limitations passed, the court dismisses his petition as time-barred. The court does not address Mr. Bissonette's remaining objections to the report and recommendation because his petition is not timely.

**ORDER**

Based on the above analysis, it is

ORDERED that Mr. Bissonette's objections (Docket 15) are overruled.

7

IT IS FURTHER ORDERED that the report and recommendation (Docket 14) is adopted in full.

IT IS FURTHER ORDERED that respondents' motion to dismiss is granted (Docket 10).

IT IS FURTHER ORDERED that Mr. Bissonette's petition (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." Id. The court does not believe reasonable jurists would find the court's ruling debatable or wrong. Consequently, the court declines to issue a certificate of appealability.

Mr. Bissonette may timely seek a certificate of appealability from the United States Court of Appeals for the Eight Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court and Fed. R. App. P. 22.

Dated September 11, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE