UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DANNY D. BISSONETTE,<br><br>               Petitioner,<br><br>   vs.<br><br>ROBERT DOOLEY, WARDEN; DAVID GILBERTSON, CHIEF JUSTICE SOUTH DAKOTA SUPREME COURT; AND CRAIG A. PFEIFLE, CIR. COURT JUDGE-SEVENTH CIR.;<br><br>               Respondents. | CIV. 16-5120-JLV<br><br><br>ORDER |

Petitioner Danny D. Bissonette, appearing *pro se*, filed a petition for a writ of habeas corpus. (Docket 1). Respondents filed a motion to dismiss Mr. Bissonette's petition for failure to abide by the statute of limitations. (Docket 10). Magistrate Judge Veronica L. Duffy entered a report and recommendation concluding the court should grant respondents' motion and dismiss Mr. Bissonette's petition because it is not timely. (Docket 14). Mr. Bissonette filed objections to the report and recommendation. (Docket 15). After careful review, the court overruled Mr. Bissonette's objections and adopted in full the magistrate judge's report and recommendation. (Docket 16). The court dismissed Mr. Bissonette's petition with prejudice.[1] Id.

---

[1]The court also declined to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. Id. The order advised Mr. Bissonette of his right to timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22. Id.

Pending before the court is Mr. Bissonette's motion to set aside the court's order and judgment dismissing his case. (Docket 18). With his motion, Mr. Bissonette submitted various supplemental filings. (Dockets 19, 20 & 21). Mr. Bissonette did not frame his motion under a Federal Rule of Civil Procedure, but his motion is "the functional equivalent of a motion" under either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. See DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999); see also Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999) ("This motion was not directed to a final judgment, but rather to a nonfinal order. By its terms, only Rule 60(b) encompasses a motion filed in response to an order. Rule 59(e) motions are motions to alter or amend a judgment, not any nonfinal order."). Under either standard, Rule 59(e) or 60(b), Mr. Bissonette's motion fails.

Rule 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59. "Under Rule 59(e), the court may alter or amend its judgment only if it finds a 'manifest' error of law or fact in its ruling." Baker v. John Morrell & Co., 266 F. Supp. 2d 909, 918 (N.D. Iowa 2003), aff'd, 382 F.3d 816 (8th Cir. 2004) (citing Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). The United States Court of Appeals for the Eighth Circuit succinctly described a motion under Rule 59(e) as follows:

> Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. . . . Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. . . . Such motions cannot be

used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. . . . A case in which a timely Rule 59(e) motion has been filed lacks finality because the motion tolls the time limitation for appeal in order to provide the trial court with jurisdiction to resolve the motion. This tolling process encourages both correctness and finality.

Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks and citations omitted). "Denial of a Rule 59(e) motion is reviewed for abuse of discretion and the district court abuses its discretion, for example, when it makes an error of law or an erroneous factual finding." Baker, 266 F. Supp. 2d at 919 (citing Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1070 (8th Cir. 2000) (further citations omitted).

"Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." MIF Realty L.P. v. Rochester Associates, 92 F.3d 752, 755 (8th Cir. 1996). "A Rule 60(b) motion is committed to the sound discretion of the trial court, and [the Eighth Circuit] review[s] the district court's decision to grant or deny the motion only for an abuse of discretion." Id. (citing Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984)). "Abuse of discretion occurs if the district court rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions." Id. (internal quotation marks and citations omitted). A Rule 60(b) motion is to be given a "liberal construction so as to do substantial justice and to prevent the judgment from becoming a vehicle of

injustice." Id. (internal quotation marks and citations omitted). Although a Rule 60(b) motion is generally disfavored, the motion "serve[s] a useful, proper and necessary purpose in maintaining the integrity of the trial process[.]" Id.

"Rule 60(b) authorizes relief in only the most exceptional of cases." In re Guidant Corp. Implantable Defibrillators Products Liab. Litig., 496 F.3d 863, 866 (8th Cir. 2007) (quoting Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005)). "Relief under Rule 60(b) is an extraordinary remedy. It is not a substitute for other legal remedies, and relief under this rule is to be granted only when exceptional circumstances prevented a party from seeking redress through the usual channels." Nucor Corp. v. Nebraska Pub. Power Dist., 999 F.2d 372, 374 (8th Cir. 1993); see also Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999) ("[E]xceptional circumstances must exist to justify intrusion into the sanctity of a final judgment."); In re Woodcock, 315 B.R. 487, 500 (Bankr. W.D. Mo. 2004), aff'd, 326 B.R. 441 (B.A.P. 8th Cir. 2005) ("Rule 60(b)(6) is reserved for extraordinary cases to prevent manifest injustice."). "Rule 60(b)(6) does not give courts unlimited authority to fashion relief as they deem appropriate." In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989). "Relief is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." In re Woodcock, 315 B.R. at 500 (citations omitted). "Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion is made within a reasonable time and is not premised on one of the grounds for

relief enumerated in clauses (b)(1) through (b)(5)." <u>Liljeberg v. Health Servs.</u> <u>Acquisition Corp.</u>, 486 U.S. 847, 863 (1988).

Construing Mr. Bissonette's motion liberally under Rule 59(e) and Rule 60(b), it is clear the claims he presents neither fall within the confines of those rules nor serve as a basis for relief under those rules in this case.

Accordingly, it is

ORDERED that the Mr. Bissonette's motion (Docket 18) is denied.

Dated November 15, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE